

## IN THE
## TENTH COURT OF APPEALS

_____

### No. 10-20-00205-CV

_____

## IN THE INTEREST OF M.T. AND S.T., CHILDREN

_____

### From the 278th District Court
### Walker County, Texas
### Trial Court No. 1728579

_____

## MEMORANDUM OPINION

_____

Appellant, Samantha Romel Walker, filed her pro se notice of appeal in the trial court, seeking to challenge an agreed final order signed on June 11, 2019. By letter dated August 4, 2020, the Clerk of this Court notified appellant that this case is subject to dismissal because appellant's pro se notice of appeal is untimely. Indeed, appellant's notice of appeal was due on July 11, 2019. *See* TEX. R. APP. P. 26.1 (providing that a notice of appeal must be filed within thirty days after the judgment is signed). Appellant did not file her notice of appeal until August 3, 2020.

The Clerk further warned that the Court would dismiss the appeal unless, within ten days from the date of the letter, appellant filed a response showing grounds for

continuing the appeal. Appellant responded, but she did not show grounds for continuing the appeal. Appellant's response requested additional time to file the filing fee for this appeal and noted that her parental rights were terminated without her being present in the court or without an attorney appointed and that she just found out about this agreed final order of termination.[1] These arguments are not supported by the Clerk's Record and do not sufficiently show grounds for continuing this appeal. In fact, appellant has provided no authority or argument that would authorize a notice of appeal filed more than a year after it was originally due. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997) (stating that a timely notice of appeal is necessary to invoke this Court's jurisdiction and that, after the period for granting a motion for extension of time under Texas Rule of Appellate Procedure 26.3 has passed, a party can no longer invoke the appellate court's jurisdiction); *see also* TEX. R. APP. P. 26.3 (providing that we may extend the time to file the notice of appeal "if, within 15 days after the deadline for filing the notice of appeal," the party files a notice of appeal in the trial court and a motion for extension with this Court).

Accordingly, we dismiss this appeal for want of jurisdiction.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to Tex. R. App.

---

[1] The complained-of agreed order reflects that appellant was represented at the final trial and that appellant's parental rights were not terminated. Rather, appellant was appointed possessory conservator of the children in this case.

P., Order Requiring Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007); *see* TEX. R. APP. P. 5; TEX. GOV'T CODE ANN. §§ 51.207(b), 51.208, 51.941(a). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.

JOHN E. NEILL
Justice

Before Chief Justice Gray
      Justice Davis, and
      Justice Neill
Appeal dismissed
Opinion delivered and filed September 16, 2020
[CV06]

